[No. 4543.]

## THE CITY OF TELLURIDE V. BLAIR.

1.  **Water Rights—Injunction—Judgments.**

Where a mill owner acquired a water right of a certain number of inches, sufficient to furnish power for running his mill, subject to a prior appropriation by a city from the same stream of a certain amount, and except at certain periods of time during each year the stream did not supply sufficient water to run the mill after the city had diverted its prior appropriation, in an action by the mill owner against the city to enjoin it from interfering with the mill owner's water right, a judgment enjoining the city from diverting the waters of the stream above the point of diversion by the mill owner, except to the extent of its prior appropriation, and ordering that the city permit the water of the stream, subject to its prior appropriation, to flow down to the point of the mill owner's diversion to the extent of, and not to exceed the amount of, the mill appropriation at such times as the waters in the stream, after the diversion of the city's prior appropriation, might be sufficient to afford power for running the mill, was proper, and the city could not complain because the decree failed to limit the mill owner's right to use the water to the periods of time that the evidence showed he had been theretofore able to operate his mill during each year.

2.  **Water Rights—Appropriation for Milling Purposes.**

The fact that, by reason of climatic conditions, the volume of water in a stream is sufficient to furnish power to run a mill only during certain portions of the year, does not of itself limit an appropriation of water for milling purposes to such periods of time, but whenever the flow in the stream is sufficient for the use for which the appropriation was made, it is available.

*Appeal from the District Court of San Miguel County:*

*Hon. Theron Stevens, Judge.*

Mr. L. C. KINIKIN and Mr. LYMAN I. HENRY, for appellant.

Messrs. HOGG & WATSON, for appellee.

Mr. JUSTICE GODDARD delivered the opinion of the court.

The appellee, plaintiff below, brought this action to enjoin the city of Telluride, appellant, and defendant below, from interfering with the free and uninterrupted flow of 140 miner's inches of water in what is known as Mill creek, a running stream situate in upper San Miguel mining district, in San Miguel county, Colorado.

He bases his right to such relief upon the following facts, to wit: that ever since the 1st of March, A. D. 1896, he was the owner of, and has operated, a saw and shingle mill located upon the margin of said creek. That, for the purpose of operating his said mill, he did, by means of a flume and pipe line, divert from said stream the waters thereof to the extent of 140 miner's inches, which amount of water was, and still is, necessary for the propulsion of machinery operated in said mill.

It appears from the evidence that the flow of water in the stream is insufficient to furnish the full amount of such appropriation after supplying the appellant with one and one-tenth cubic feet of water per second of time, to which it is conceded the city has a prior and superior right, except from April to July in ordinary seasons. In October, 1899, owing to early snows and rains, there was sufficient water to run the mill.

The court below enjoined the appellant from diverting the waters of the creek above the point of diversion by the appellee except to the extent of one and one-tenth cubic feet per second of time, and ordered and decreed that the city permit the water of the stream, subject to the above exception, to flow down to the point of appellee's diversion to the extent of, and not to exceed, 140 miner's inches at such time as the waters in the stream, after the diversion of said one and one-tenth cubic feet, may be sufficient to afford power for the propulsion of the machinery

in appellee's mill, with the express proviso that the appellee should not be entitled to have such excess water flow to his point of diversion unless the volume should be sufficient to operate his mill and machinery.

The appellant complains of this decree because the court therein fails to limit the appellee's right to use the water to the periods of time that the evidence shows he has heretofore been able to operate his mill during each year, relying upon the theory that appellee's appropriation was only for those particular periods. We think this objection is without merit. The appellee's appropriation was of an amount of water necessary for the operation of the machinery used in his mill, to wit, 140 miner's inches of water flowing in Mill creek, subject to any prior appropriation of such waters. The fact that the volume of water, by reason of climatic conditions, is sufficient for the use intended during certain portions of the year only, does not, of itself, limit the appropriation to such periods of time, but is available whenever, by reason of the flow, there is sufficient water for such beneficial use. The decree in no way infringes the rights of the appellant. It rightfully gives the appellee the amount of his appropriation when the volume of water is sufficient for the use intended, while it permits the appellant to divert all of the appellee's water when it cannot be so beneficially applied.

The judgment is, therefore, affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.